**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy DAVIS, Defendant–Appellant.**

**No. 01–6361.**

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2002.

Before BATCHELDER and COLE,
Circuit Judges; GRAHAM, District

Judge.*

Timothy Davis, a federal prisoner, appeals his judgment of conviction on one count of conspiring to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and one count of distributing .95 gram of cocaine base in violation of 21 U.S.C. § 841(a)(1). Both parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Davis was indicted on the two counts described above as well as an additional count of distributing cocaine base. On July 10, 2001, the jury found him guilty of the conspiracy and one distribution count, but acquitted him of the second distribution count. The district court sentenced him on October 18, 2001, to 30 months in prison followed by three years of supervised release. The judgment was entered the same day.

On appeal, Davis argues that there was insufficient evidence presented at trial to establish the elements of the crimes charged.

Upon review, we affirm the district court's judgment because sufficient evidence was presented to allow a rational juror to find Davis guilty of both crimes charged. A defendant challenging the sufficiency of the evidence bears a heavy burden. *United States v. Prince*, 214 F.3d 740, 746 (6th Cir.), *cert. denied*, 531 U.S. 974, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000). In reviewing such a challenge, this court considers " 'whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* (quoting

*United States v. Haun*, 90 F.3d 1096, 1100 (6th Cir.1996)). Circumstantial evidence is accorded the same weight as direct evidence. *Id.* However, this court may not independently reassess the credibility of witnesses, as that is the province of the jury as the sole finder of fact. *United States v. Bearden*, 274 F.3d 1031, 1039 (6th Cir.2001).

In order to show that Davis was guilty of conspiracy, the government was required to prove that Davis agreed to violate the drug laws, had knowledge and intent to join the conspiracy, and participated in the conspiracy. *See United States v. Price*, 258 F.3d 539, 544 (6th Cir.2001). " 'A conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan.' " *Id.* (quoting *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir.1991)). The elements of the offense of distributing a controlled substance are that the defendant knowingly possessed a controlled substance with intent to distribute. *United States v. Bennett*, 291 F.3d 888, 895 (6th Cir.2002).

Our review of the record establishes that sufficient evidence was presented so that a rational juror could find Davis guilty of both the conspiracy and the distribution counts. Accordingly, the district court's judgment is affirmed.

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.